THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HANSON WILSON MILLÁN,

    Petitioner,

v.

THE UNITED STATES OF AMERICA,

    Respondent.

Civil No. 25-1333 (ADC)
[Related to Crim. No. 96-116-01 (ADC)]

## OPINION AND ORDER

I.    **Introduction**

Pending before the Court is petitioner Hanson Wilson Millán's ("Wilson-Millán" or "petitioner") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 petition"), filed on June 18, 2025. **ECF No. 1**. For the reasons set forth below, the Court **DENIES** the petition.

II.    **Background**

On June 18, 1999, petitioner was convicted and sentenced to life in prison for aiding and abetting an attempted carjacking resulting in death, in violation of 18 U.S.C. § 2119(3), and the use and carriage of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *United Stats v. Wilson Millán et al.*, Case No. 96-cr-0116-ADC, ECF No. 158. The First Circuit affirmed the conviction on October 27, 2000. *Id.*, ECF Nos. 231-32.

On March 20, 2001, Wilson-Millán filed a motion requesting appointment of counsel, which the Court construed as a petition for relief under 28 U.S.C. § 2255. Case No. 96-cr-0116-ADC, ECF Nos. 234, 239. The Court denied the petition on January 31, 2002. *Id*., ECF No. 242. On May 27, 2008, Wilson- Millán filed a petition before the First Circuit for leave to file a second or successive petition for relief under 28 U.S.C. § 2255, which was denied on July 29, 2008. Case No. 96-cr-0116-ADC, ECF No. 250. On June 22, 2017, Wilson-Millán filed another motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Wilson-Millán v. United States*, Case No. 17-cv-01850-ADC, ECF No. 1. The motion was denied as an unauthorized second or successive petition on May 2, 2019. *Id*., ECF Nos. 4, 6-7.

On June 18, 2025, petitioner filed the instant § 2255 petition, arguing that because (i) his counsel was ineffective at trial and (ii) his "conviction and sentence were obtained in violation of the Constitution, resulting in a fundamental miscarriage of justice and/or the incarceration of an actually innocent defendant," the Court should reverse, vacate, set aside, or correct his sentence. **ECF No. 1**.

III.   **Legal Standard**

   A.   **Motion to Vacate, Set Aside, or Correct under 28 U.S.C. § 2255**

To succeed on a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the petitioner must illustrate that the "petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470,

474 (1st Cir. 1998) (citing *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). Such relief is only available to individuals who are "prisoner[s] in custody under sentence of a court established by [an] Act of Congress. . . ." 28 U.S.C. § 2255(a). The habeas petitioner must be "in custody under the conviction or sentence under attack at the time the petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citation modified).

When a federal prisoner has filed an unsuccessful § 2255 petition and wishes to file another, the petitioner "must first obtain authorization from the court of appeals to do so." *Bucci v. United States*, 809 F.3d 23, 25 (1st Cir. 2015) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Id.* Unless the Court of Appeals has authorized a second or successive appeal, the district court must either dismiss the petition or transfer it to the court of appeals. *Id*.

IV.    **Discussion**

Wilson- Millán's § 2255 petition suffers from a significant defect. The petition is not only a second unauthorized petition, but it is the *third* such unauthorized petition. Wilson-Millán has already filed two unsuccessful § 2255 petitions. Case No. 96-cr-0116-ADC, ECF Nos. 234, 239, 242; Case No. 17-cv-1850 (ADC), ECF No. 1, 4, 6-7. Wilson-Millán filed the instant petition without requesting or obtaining approval from the First Circuit to file a second or successive

petition. Thus, the Court does not have jurisdiction to grant any relief and must deny it. *United States v. Barrett*, 178 F.3d 34, 46 (1st Cir. 1999).

## V.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under the applicable standard, jurists of reason would not find it debatable whether petitioner's claims should be denied. Accordingly, the COA is **DENIED**.

Case 3:25-cv-01333-ADC    Document 3    Filed 10/17/25    Page 5 of 5

**Civil No. 25-1333 (ADC)**                                                                                                    **Page 5**

## VI. Conclusion

For the above-stated reasons, the Court **DENIES** petitioner's motion to vacate, set aside, or correct sentence at **ECF No. 1**. The above-captioned case is **DISMISSED**. Judgment shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 17th day of October 2025.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**